Michael R. Johnson, Esq. (A7070)
Douglas M. Monson, Esq. (A2293)
David H. Leigh, Esq. (A9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  dmonson@rqn.com
Email:  dleigh@rqn.com

*Counsel for Gil A. Miller, Chapter 11 Trustee of the Consolidated Estate*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>DEE ALLEN RANDALL, et al.,<br><br>Debtors. | **Bankruptcy Case No. 10-37546**<br><br>(Substantively Consolidated with Case Nos. 11-34826, 11-34830, 11-34831, 11-34833 and 11-34834)<br><br>Chapter 11<br><br>Honorable Joel T. Marker<br><br>(Filed via ECF) |

**THE TRUSTEE'S MOTION FOR AN ORDER (I) APPROVING DISCLOSURE STATEMENT WITH RESPECT TO THE CHAPTER 11 TRUSTEE'S LIQUIDATING PLAN OF REORGANIZATION DATED APRIL 3, 2013, (II) ESTABLISHING VOTING RECORD HOLDER DATE, (III) APPROVING SOLICITATION PROCEDURES, FORM OF BALLOTS, AND MANNER OF NOTICE, AND (IV) FIXING THE DEADLINE FOR FILING OBJECTIONS TO THE CONFIRMATION OF THE PLAN**

Gil A. Miller (the "**Trustee**"), Chapter 11 Trustee of the substantively consolidated

Chapter 11 estates (the "**Consolidated Estate**") of Dee Allen Randall, Horizon Auto Funding,

LLC, Independent Commercial Lending, LLC, Horizon Financial Center I, LLC, Horizon

Mortgage and Investment Inc. and Horizon Financial & Insurance Group Inc. (collectively, the

"**Debtors**"), through counsel, hereby moves (the "**Motion**") the Court for entry of an Order

approving the  *Disclosure Statement for Chapter 11 Trustee's Liquidating Plan of*

*Reorganization Dated April 3, 2013* (the "**Disclosure Statement**") [Doc. 1174], and granting the

Trustee certain related relief.

Among other things, by this Motion the Trustee seek the Court's approval of necessary

voting procedures and deadlines, including the establishment of voting record holder date, the

approval of solicitation procedures, form of ballots and notice, and the establishment of a

deadline for the filing of objections to confirmation of the Trustee's *[Proposed] Chapter 11*

*Trustee's Liquidating Plan of Reorganization Dated April 3, 2013* (the "**Plan**").  [Doc. 1070]

In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION AND BACKGROUND

1.        This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.        Dee Allen Randall ("**Randall**"), a Chapter 11 debtor before this Court,

commenced Chapter 11 Case No. 10-37546 (the "**Randall Case**") on or about December 20,

2010 by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States

Code (the "**Bankruptcy Code**") with this Court.

3.        Between the Petition Date and September 29, 2011, Randall continued to operate

as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4.      As of September 29, 2011, Randall owned and was the president or manager, as the case may be, of each of Horizon Auto Funding, LLC, Independent Commercial Lending, LLC, Horizon Financial Center I, LLC, Horizon Mortgage and Investment Inc. and Horizon Financial & Insurance Group Inc. (hereinafter, the "**Corporate Debtors**").

5.      On or about September 29, 2011, an Order was entered by this Court approving the appointment of the Trustee in the Randall Case.  [Randall Case, Doc. 247]

6.      Upon his appointment, the Trustee stepped into Randall's shoes and became the owner, in his capacity as Chapter 11 trustee, of each of the Corporate Debtors.

7.      On October 12, 2011, the Trustee, in his capacity as Chapter 11 Trustee in the Randall Case, caused a voluntary petition for relief under Chapter 11 of the Bankruptcy Code to be filed for each of the Corporate Debtors (the "**Corporate Debtor Cases**").

8.      On January 27, 2012, the Court entered its Order substantively consolidating the separate bankruptcy estates of each of the Debtors, with the Corporate Debtor Cases being consolidated with and into the Randall Case.

9.      By virtue of the Court's order of substantive consolidation, the Trustee is now the Chapter 11 Trustee of the Consolidated Estate of all of the Debtors.

10.      Since his appointment, the Trustee has worked diligently to pursue assets of the Consolidated Estate, and reduce those assets to cash.  The Trustee has liquidated all real and tangible personal property assets of the Debtors.  Further, the Trustee has filed numerous adversary proceedings seeking to collect funds owned to the Consolidated Estate under various legal theories.  While many of those adversary proceedings have settled, many remain pending. Further, the Trustee anticipates filing additional adversary proceedings in the future.

11.      As the Court is aware, the Trustee contends that the Debtors, all of whom were controlled by Randall, were engaged at all relevant times in a financial scheme that had the

3

characteristics of a Ponzi Scheme.[1]

12.    Randall represented to his Victims that he was investing their investment cash in his various real estate projects.  Randall also represented to his Victims that his real estate investments were highly successful and would generate a high rate of return to the Victims.

13.    However, in reality, since at least the late 1990's, the Randall Enterprise never made a profit, and Randall propped up his scheme by using the investment cash of new Victims to make promised "returns" to existing Victims.  In common with most Ponzi schemes, the Randall scheme eventually ran out of new Victims, and collapsed into bankruptcy.

14.    The Trustee has now proposed the Plan with the hope of returning at least some funds to the Victims of Randall's scheme.

15.    As set forth in the Disclosure Statement, in connection with their votes in favor of the Plan, the Victims of Randall's scheme will also be able to assign to the Private Actions Trust their Victim Causes of Action against Facilitators of the scheme.

16.    After the Plan is confirmed and the Private Actions Trust become effective, the individual assigned Victim Causes of Action will likely be pursued in conjunction with the Consolidated Estate's claims against the Facilitators of the scheme. The Trustee, on behalf of the Consolidated Estate and the Private Actions Trust, will be supervising the pursuit of both of these categories of Causes of Action.

17.    As further set forth in the Disclosure Statement, under the Plan, the Trustee has classified the unsecured Claims of the various unpaid Investor Victims of the Randall Enterprise as Class 17 Victim Claims.

18.    Each of the unsecured Claims of the Class 17 Victims will be calculated at the Victim Net Claim Amount, which for any particular Class 17 Victim, means the difference

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

between the principal amount of each Victim's Investment and all funds previously received by such Victim (whether or not the funds received were characterized as a return of principal or interest or anything else).

19.     In other words, the Trustee will not recognize any Claims for interest on the principal amount of any Victim's Investment, because the Randall Enterprise had no profits and had the characteristics of and appears to have been operated as a Ponzi Scheme, and federal courts have ruled in other Ponzi scheme cases that interest should not be allowed on Investments that in reality were fictitious Investments.  The Trustee anticipates that the total allowed amount of the Class 17 Victim Claims (i.e., the total unpaid principal amount of the Investments made by the defrauded Victims of the Randall Enterprise) will be approximately $39.2 million.

## RELIEF REQUESTED

20.     By this Motion, and pursuant to Bankruptcy Code §§ 105, 502, 1125, 1126 and 1128 and Federal Rules of Bankruptcy Procedure 2002, 3003, 3017, 3018 and 3020, the Trustee seek entry of an Order substantially in the form attached hereto as Exhibit "A" (the "**Disclosure Statement Order**") (a) approving the form and content of the Disclosure Statement, (b) approving the proposed solicitation procedures (including establishing, for voting purposes only, a record holder date for the holders of Claims), (c) approving the form of ballots and balloting instructions, (d) establishing procedures for tabulating votes on the Plan, and (e) setting the date for the Confirmation Hearing (as defined below).

## THE DISCLOSURE STATEMENT

21.     The Trustee is the proponent of the Plan.

22.     Pursuant to Bankruptcy Code § 1125, a plan proponent must provide holders of impaired claims with "adequate information" regarding a proposed plan of reorganization. Bankruptcy Code § 1125(a)(1) provides, in pertinent part, as follows:

> "[A]dequate information" means information of a kind, and
> in sufficient detail, as far as is reasonably practicable in
> light of the nature and history of the debtor and the
> condition of the debtor's books and records . . . that would
> enable such a hypothetical reasonable investor typical of
> holders of claims or interests of the relevant class to make
> an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

23.    A disclosure statement must, as a whole, provide information that is "reasonably

practicable" to permit an "informed judgment" by impaired creditors entitled to vote on the plan

of reorganization.  *See In re Dakota Rail, Inc.*, 104 B.R. 138, 142 (Bankr. D. Minn. 1989); *In re*

*Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of

disclosure statement "is to be determined on a case specific basis under a flexible standard that

can promote the policy of Chapter 11 towards fair settlement through a negotiation process

between informed interested parties").

24.    In examining the adequacy of the information contained in a disclosure statement,

the Bankruptcy Court has broad discretion.  *See Texas Extrusion Corp. v.  Lockheed Corp. (In re*

*Texas Extrusion Corp.),* 844 F.2d 1142, 1157 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988);

*see also Dakota Rail*, 104 B.R. at 143 (court has "wide discretion to determine . . . whether a

disclosure statement contains adequate information without burdensome, unnecessary and

cumbersome detail").

25.    The grant of discretion was intended to facilitate effective reorganization of a

debtor in the broad range of businesses in which Chapter 11 debtors engage, and the broad range

of circumstances that accompany Chapter 11 cases.  See H.R. Rep. No. 595, 95th Cong. 1st Sess.

40809 (1977).  "In reorganization cases, there is frequently great uncertainty.  Therefore, the

6

need for flexibility is greatest." *Id.* at 409.  Accordingly, the determination of whether a

disclosure statement contains adequate information is to be made on a case-by-case basis,

focusing on the unique facts and circumstances of each case.

26.      Courts generally examine whether the disclosure statement contains, if applicable,

the following types of information:

        a.      the circumstances that gave rise to the filing of the bankruptcy petition;

        b.      a complete description of the available assets and their value;

        c.      the anticipated future of the debtor;

        d.      the source of the information provided in the disclosure statement;

        e.      a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

        f.      the condition and performance of the debtor while in Chapter 11;

        g.      information regarding claims against the estate;

        h.      a liquidation analysis setting forth the estimated return creditors would receive under Chapter 7;

        i.      the accounting and valuation methods used to produce financial information in the disclosure statement;

        j.      information regarding the future management of the debtor including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

        k.      a summary of the plan of reorganization;

        l.      an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

        m.      the collectability of any accounts receivable;

        n.      any financial information, valuations or pro forma objections that would be relevant to creditors' determinations of whether to accept or reject the

plan;

o. information relevant to the risks being taken by the creditors and interest holders;

p. the actual or projected value that can be obtained from avoidable transfers;

q. the existence, likelihood and possible success of non-bankruptcy litigation;

r. the tax consequences of the plan; and

s. the relationship of the debtor with its affiliates.

*See, e.g., In re Scioto Valley Mortgage Co.,* 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988).

27. The Trustee respectfully submits that the Disclosure Statement contains more than ample information to satisfy the categories set forth above. The Disclosure Statement is almost seventy pages in length, single spaced, and contains detailed exhibits and schedules. It addresses in detail each of the items noted above. It even contains an Executive Summary which summarizes the Plan, as the Plan is fairly complicated.

28. Accordingly, the Trustee submits that the Disclosure Statement contains adequate information within the meaning of Bankruptcy Code § 1125, and, thus, should be approved.

## SOLICITATION PROCEDURES

### A. Establishing Record Holder Date for the Holders of Claims.

29. Bankruptcy Rule 3017(d) provides that, for the purposes of voting solicitation, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, after notice and a hearing."

30. Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date. In accordance with the Bankruptcy Rules, the record date is typically the date

that the disclosure statement is considered by the Court.  Accordingly, the Trustee requests that

the Court establish <u>Monday, September 9, 2013</u> as the "Record Holder Date" for purposes of

voting on the Plan.[2]

### B.  Effect of Record Holder Date for the Holders of Claims.

31.      Pursuant to the Plan, the holders of Claims in Classes 16 and 17 are impaired

(collectively, the "**Voting Classes**").   As a result of the Record Holder Date, the Trustee

proposes that only the following holders of Claims in the Voting Classes be entitled to vote with

regard to such Claims (the "**Voting Claims**"): (a) the holders of filed proofs of claim as

reflected, as of the close of business on the Record Holder Date, on the official Claims Register

maintained by the Clerk of this Court, that have not been objected to as of the Record Holder

Date, (b) the holders of scheduled claims that are listed in the Debtors' Schedules as not

contingent, unliquidated or disputed Claim (excluding scheduled Claims that have been

superseded by a filed proof of claim), and (c) the holders, if any, of claims that have been

allowed by a Final Order of the Court; <u>provided</u>, <u>however</u>, that the assignee of a transferred and

assigned claim (whether a filed or scheduled claim) shall be permitted to vote such claim <u>only</u> if

evidence of the transfer and assignment has been filed with the Court by the assignee in

accordance with Federal Rule of Bankruptcy Procedure 3001 as of the close of business on the

Record Holder Date.

32.      The Trustee further proposes that holders of Claims shall not be permitted to vote

on the Plan if their claims are subject to a pending objection on the Record Holder Date or, with

respect to transferred and assigned Claims, there is an objection to the transfer, filed in

---

[2]  The establishment of this Record Holder Date is for voting purposes only and shall have no

accordance with Federal Rule of Bankruptcy Procedure 3001, pending on the close of business

on the Record Holder Date.

33.  The Trustee submits that the foregoing procedures are reasonable and should be

approved.

**C.  Form of Ballots.**

34.  Bankruptcy Rule 3018(c) provides, in relevant part, as follows:

> *Form of Acceptance or Rejection.*  An acceptance or
> rejection shall be in writing, identify the plan or plans
> accepted or rejected, be signed by the creditor or equity
> security holder or authorized agent, and conform to the
> appropriate official form.

Fed. R. Bank. P. 3018(c).

35.  The Trustee proposes to mail ballots (with instructions), substantially in the form

of the ballots (with instructions) attached hereto as Exhibit "B" (the "**Ballots**"), to each holder of

a claim in the Voting Classes.  The Trustee believes that the Ballots comply with the

requirements of Bankruptcy Rule 3018(c), and are based on Official Form No. 14.  The Ballots,

however, have been modified to address the particular needs of this case.  For example, the

Ballot for the holders of Class 17 Victim Claims also contains a section which will allow the

holders of Class 17 Victim Claims to assign their Victim Causes of Action to the Private Actions

Trust which is being established pursuant to the Plan.

36.  The Trustee submits that the Ballots (and instructions) should be approved in all

respects.

37.  In addition, the Trustee also asks the Court for authority to send the *Notice of*

preclusive effect with regard to who is entitled to receive distributions under the Plan.

*Non-Voting Status to Holders of Unimpaired Claims (Classes 1 through 15) Under Chapter 11 Trustee's Liquidating Plan of Reorganization dated April 3, 2013* (the "**Notice of Non-Voting Status**") attached hereto as Exhibit "C" to the holders of claims in Classes 1 through 14.  The Notice of Non-Voting Status will notify said holders that their claims are not impaired and that they therefore are not entitled to vote on the Plan, but will also provide notice to said holders that the Plan has been filed and will inform said holders of how to obtain a copy of the Plan or Disclosure Statement from the Trustee.

### D.    Procedures for Solicitation of Votes.

38.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of Claims and Equity Interests for purposes of soliciting their votes on a plan of reorganization. Under the Plan, as set forth above, only holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan.

39.    On or before a date to be set by the Court, the Trustee proposes to mail, or cause to be mailed, solicitation packages (the "**Solicitation Packages**"), which will include the following:

    a.    a paper copy of the Notice of the Confirmation Hearing and related matters (the "**Notice**"), setting forth the time fixed for filing acceptances and rejections to the Plan, the time fixed for filing objections to confirmation of the Plan, and the date and time of the Confirmation Hearing;

    b.    an electronic copy of the Disclosure Statement, as approved by the Court (with all exhibits, including the Plan, included therein);

    c.    a paper copy of the letter attached hereto as Exhibit "D" describing the information being provided in the Solicitation Package, briefly summarizing the Plan (including information on the Victim Causes of Action and the mechanism to assign the Victim Causes of Action to the Private Actions Trust), and proving instructions to the holders of Claims in

11

the Voting Classes about how to vote; and

d.      either (i) a paper copy of the appropriate Ballot (with instructions), substantially in the form approved by the Court, to the holders of Claims in the Voting Classes, or (ii) a paper copy of the Notice of Non-Voting Status to the holders of Claims who are not members of the Voting Classes.

40.     The Trustee proposes to mail the Solicitation Packages to the holders of Voting Claims.

### E.     Voting Deadline for Receipt of Ballots.

41.     The Trustee anticipates commencing the solicitation period as soon as reasonably practical after the Disclosure Statement is approved.  Given the large matrix in this case, and the requirement that certain documents be imaged and placed on computer disks, the Trustee believes it will take at least ten (10) business days after the Disclosure Statement is approved to complete the mailing of the Solicitation Package.

42.     As noted herein, the Court has tentatively scheduled Monday, September 9, 2013, at 2:00 p.m., as the date and time to consider the adequacy of the Disclosure Statement. Accordingly, it is reasonable to believe that, if the Court ultimately approves the Disclosure Statement, the Court's Order should be entered by approximately September 11, 2013, and the Trustee would intend on mailing the Solicitation Package on or before Friday, September 20, 2013.

43.     Pursuant to Bankruptcy Rule 3017(c), the Trustee proposes that, in order to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered to the Balloting Agent by mail (in the return envelope provided with each Ballot), by overnight mail, or by personal delivery so that the Ballots are received by the Balloting Agent

no later than 4:00 p.m. Mountain Time on <u>Monday, October 21, 2013</u> (the "**Voting Deadline**").

44.     The Trustee believes that an October 21, 2013 Voting Deadline for submitting Ballots is more than sufficient to provide creditors and other interested parties with the opportunity to review and analyze the Plan and to vote for or against the Plan, to the extent they are entitled to vote.

45.     The Trustee plans to designate Sherry Glendening of Ray Quinney & Nebeker PC, 36 South State Street, Suite 1400, Salt Lake City, UT 84111, as Balloting Agent.   Ms. Glendening is the legal assistant to Michael R. Johnson, one of the Trustee's attorneys in this case.

**F.     Tabulation Procedures with Regard to Holders of Claims.**

46.     The Trustee proposes that, for purposes of voting on the Plan only, the amount of a claim used to tabulate acceptance or rejection of the Plan shall be the amount set forth on the Ballots for a particular creditor.  The Trustee further proposes that the amount of a claim set forth on the Ballots shall be one of the following:

    a.     the amount set forth as a claim in the Debtors' Schedules that is not listed as contingent, unliquidated or disputed (excluding scheduled Claims that have been superseded by filed Claims);

    b.     the amount set forth on a filed proof of claim that has not been disallowed, disqualified, suspended, reduced or estimated and temporarily allowed for voting purposes prior to computation of the vote on the Plan;

    c.     the Class of Claim and the amount agreed upon between the Trustee and the holder of a Claim in a settlement agreement that has been approved by this Court; or

    d.     the amount estimated and temporarily allowed with respect to a Claim pursuant to an order of this Court.

47.     Pursuant to Bankruptcy Code §§ 105 and 1126, the Trustee requests that the Court

direct as follows with respect to all Ballots submitted by the holders of a Claim:

      a.     any Ballot that is properly completed, executed and timely returned to the Trustee that does not indicate an acceptance or rejection of the Plan shall be deemed to be a vote to accept the Plan;

      b.     any Ballot which is returned to the Trustee indicating acceptance or rejection of the Plan but which is unsigned shall not be counted;

      c.     whenever a holder of a Claim casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the last timely Ballot received by the Trustee shall be counted;

      d.     if a holder of a Claim casts simultaneous duplicative Ballots voted inconsistently such Ballots shall count as one vote accepting the Plan;

      e.     each holder of a Claim shall be deemed to have voted the full amount of its Claim;

      f.     each holder of any Claim shall be entitled to vote all of the Claims it holds, and shall be entitled to cast several Ballots, to be counted separately, in determining numerical voting count, as to each Claim within a particular class;

      g.     any Ballots that partially reject and partially accept the Plan shall be deemed a vote to accept the Plan; and

      h.     any Ballot received by the Trustee by telecopier, facsimile or other electronic communication shall not be counted.

48.    The Trustee submits that establishing the tabulation procedures set forth above is necessary to avert any confusion resulting from incompletely or inconsistently executed Ballots and will simplify the voting and tabulation process.

## CONFIRMATION HEARING AND OBJECTION DEADLINE

49.    Pursuant to Bankruptcy Rule 2002, a plan proponent is required to give creditors and equity interest holders not less than 28 days of notice by mail of the time fixed for filing objections to, and the hearing on, confirmation of a plan of reorganization, unless that time is shortened.

50.     In order to avoid confusion regarding any objection to the Plan and the accompanying delay, the Trustee requests that the Court direct that any objections or proposed modifications to the Plan be in writing, state the name and address of the objecting party, the amount of its claim or the nature of its interest, and the nature of the objection or modification and the legal basis therefore, and be filed with and received by the Court, and served upon and received no later than 4:00 p.m. Mountain Time on Monday, October 21, 2013, by (i) the Clerk, United States Bankruptcy Court, Room 301, United States Courthouse, 350 South Main Street, Salt Lake City, Utah 84101; (ii) counsel to the Trustee, Michael R. Johnson and Douglas M. Monson, Ray Quinney & Nebeker, 36 South State, Suite 1400, Salt Lake City, Utah 84111; and (iii) the Office of the United States Trustee, Attn. Laurie Cayton, Ken Garff Bldg., 405 South Main Street, Suite 300, Salt Lake City, Utah 84111.

51.     The Trustee further requests that the Court establish Monday, October 28, 2013, at 2:00 p.m., as the date and time for the hearing on the confirmation of the Plan.

WHEREFORE, the Trustee respectfully requests the Court to enter an Order granting the relief sought herein and for such other and further relief as is just and proper.

DATED this 12th day of July, 2013.

RAY QUINNEY & NEBEKER P.C.

/s/ Michael R. Johnson
Michael R. Johnson
Douglas M. Monson
David H. Leigh
*Counsel for the Trustee*

1240238

# Exhibit "A"

Michael R. Johnson, Esq. (A7070)
Douglas M. Monson, Esq. (A2293)
David H. Leigh, Esq. (A9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  dmonson@rqn.com
Email:  dleigh@rqn.com

*Counsel for Gil A. Miller, Chapter 11 Trustee of the Consolidated Estate*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| In re: | **Bankruptcy Case No. 10-37546** |
|---|---|
| DEE ALLEN RANDALL, et al., | (Substantively Consolidated with Case Nos. 11-34826, 11-34830, 11-34831, 11-34833 and 11-34834) |
| Debtors. | Chapter 11 |
| | Honorable Joel T. Marker |
| | (Filed via ECF) |

**ORDER (I) APPROVING DISCLOSURE STATEMENT WITH RESPECT TO THE CHAPTER 11 TRUSTEE'S LIQUIDATING PLAN OF REORGANIZATION DATED APRIL 3, 2013, (II) ESTABLISHING VOTING RECORD HOLDER DATE, (III) APPROVING SOLICITATION PROCEDURES, FORM OF BALLOTS, AND MANNER OF NOTICE, AND (IV) FIXING THE DEADLINE FOR FILING OBJECTIONS TO THE CONFIRMATION OF THE PLAN**

This matter came before the Court on Monday, September 9, 2013 upon *The Trustee's Motion for an Order (I) Approving Disclosure Statement with Respect to the Chapter 11 Trustee's Plan of Reorganization dated April 3, 2013, (II) Establishing Voting Record Holder Date, (III) Approving Solicitation Procedures, Form of Ballots, and Manner of Notice, and (IV) Fixing the Deadline for Filing Objections to the Confirmation of the Plan* (the "**Motion**") filed by Gil A. Miller (the "**Trustee**"), Chapter 11 Trustee of the substantively consolidated Chapter 11 estates (the "**Consolidated Estate**") of Dee Allen Randall, Horizon Auto Funding, LLC, Independent Commercial Lending, LLC, Horizon Financial Center I, LLC, Horizon Mortgage and Investment Inc. and Horizon Financial & Insurance Group Inc. (collectively, the "**Debtors**"). At the hearing, Michael R. Johnson and Douglas M. Monson represented the Trustee, and counsel for other parties in interested noted their appearances upon the record.

Notice of the Motion, and of the deadline to object to the Motion and to the adequacy of the Trustee's proposed *Disclosure Statement for Chapter 11 Trustee's Liquidating Plan of Reorganization Dated April 3, 2013* (the "**Disclosure Statement**") [Doc. 1174], was given to all creditors and parties-in-interest.  The Disclosure Statement relates to the Trustee's *[Proposed] Chapter 11 Trustee's Liquidating Plan of Reorganization Dated April 3, 2013* (the "**Plan**") [Doc. 1070] which is also on file with the Court.

The Court, having considered the Motion, the facts stated in the Motion, and other pleadings and papers of record, including the Disclosure Statement and the Plan and all exhibits thereto, after considering the arguments and representations of counsel, and it appearing from the declarations of service on file with this Court that adequate and sufficient notice of the Motion and of the hearing on the Motion has been given, and upon all of the proceedings heretofore had before the Court and after due deliberation and sufficient cause appearing, therefore it is

**ORDERED, FOUND AND DETERMINED THAT:**

1.    The Motion shall be, and hereby is, GRANTED.

2.    The Trustee's proposed Disclosure Statement contains adequate information

within the meaning of 11 U.S.C. § 1125, and it shall be, and hereby is, APPROVED.

3.    For voting purposes and mailing of notices pursuant to this Order, <u>Monday,</u>

<u>September 9, 2013</u>, shall be the "**Record Holder Date**" for the holders of Claims and Equity

Interests.

4.    Only the following holders of Claims in the Voting Classes[1] shall be entitled to

vote with regard to such Claims (a) the holders of filed proofs of claim as reflected, as of the

close of business on the Record Holder Date, on the official Claims Register maintained by the

Clerk of this Court, that have not been objected to as of the Record Holder Date, (b) the holders

of scheduled claims that are listed in the Debtors' Schedules as not contingent, unliquidated or

disputed Claim (excluding scheduled Claims that have been superseded by a filed proof of

claim), and (c) the holders, if any, of claims that have been allowed by a Final Order of the

Court; <u>provided</u>, <u>however</u>, that the assignee of a transferred and assigned claim (whether a filed

or scheduled claim) shall be permitted to vote such claim <u>only</u> if evidence of the transfer and

assignment has been filed with the Court by the assignee in accordance with Federal Rule of

Bankruptcy Procedure 3001 as of the close of business on the Record Holder Date.

5.    Except as otherwise ordered by the Court, Holders of Claims shall not be

permitted to vote on the Amended Plan if their Claims are subject to a pending objection on the

Voting Deadline (as defined below).

6.    The Trustee shall mail ballots (with instructions), substantially in the form of the

ballots (with instructions) attached as Exhibit "B" to the Motion (the "**Ballots**"), to each holder

---

[1]  As used herein, the "**Voting Classes**" shall be each class of claims or interests as specified and
defined in the Amended Plan that is designated as impaired and, thus, eligible to vote either to
accept or reject the proposed plan or reorganization.

of a claim in the Voting Classes under the Plan.  The forms of the Ballots attached as Exhibit "B" to the Motion are approved.  The form of the *Notice of Non-Voting Status to Holders of Unimpaired Claims (Classes 1 through 15) Under Chapter 11 Trustee's Liquidating Plan of Reorganization dated April 3, 2013* (the "**Notice of Non-Voting Status**") attached Exhibit "C" to the Motion also is approved.

7.      The Trustee shall deposit or cause to be deposited in the United States mail, postage prepaid, addressed to each of the holders of Voting Claims (as defined in the Motion) a solicitation package (the "**Solicitation Package**"), which shall include the following:

a.      A paper copy of the Notice of the Confirmation Hearing and related matters, setting forth the time fixed for filing acceptances and rejections to the Plan, the time fixed for filing objections to confirmation of the Plan, and the date and time of the Confirmation Hearing;

b.      An electronic copy of the Disclosure Statement (with all exhibits, including the Plan, included therein);

c.      A paper copy of the letter attached as Exhibit "D" to the Motion describing the information being provided in the Solicitation Package, briefly summarizing the Plan (including information on the Victim Causes of Action and the mechanism to assign the Victim Causes of Action to the Private Actions Trust), and proving instructions to the holders of Claims in the Voting Classes about how to vote; and

d.      Either (i) a paper copy of the appropriate Ballot (with instructions) to the holders of Claims in the Voting Classes, or (ii) a paper copy of the Notice of Non-Voting Status to the holders of Claims who are not members of the Voting Classes.

8.      All persons and entities entitled to vote on the Plan shall deliver their Ballots by mail, hand delivery or overnight courier to the Trustee, at:

RANDALL CHAPTER 11 BANKRUPTCY PLAN
c/o Sherry Glendening, Ballot Tabulator
Ray Quinney & Nebeker PC
36 South State Street, Suite 1400
Salt Lake City, Utah 84111

Ballots submitted by email or facsimile shall not be counted.

9.     The deadline for persons and entities to return their Ballots accepting or rejecting the Plan shall be <u>4:00 p.m. Mountain Time on Monday, October 21, 2013</u> (the "**Voting Deadline**").

10.     In order to be counted as a vote to accept or reject the Amended Plan, all Ballots must be properly executed, completed and delivered to the Trustee by mail (in the return envelope provided with each Ballot), by overnight mail, or by personal delivery so that the Ballots are received by counsel for the Trustee, c/o Sherry Glendening, Ballot Tabulator, by no later than the Voting Deadline.

11.     For purposes of voting, the amount of a claim used to tabulate acceptance or rejection of the Plan shall be the amount set forth on the Ballot for that particular creditor, which shall be one of the following:

a.     The amount set forth as a claim in the Debtors' Schedules that is not listed as contingent, unliquidated or disputed (excluding scheduled Claims that have been superseded by filed Claims);

b.     The amount set forth on a filed proof of claim that has not been disallowed, disqualified, suspended, reduced or estimated and temporarily allowed for voting purposes prior to computation of the vote on the Plan;

c.     The Class of Claim and the amount agreed upon between the Trustee and the holder of a Claim in a settlement agreement that has been approved by this Court; or

d.     The amount estimated and temporarily allowed with respect to a Claim pursuant to an order of this Court.

12.    With respect to Ballots submitted by a holder of a Claim:

a.    Any Ballot that is properly completed, executed and timely returned to the Trustee that does not indicate an acceptance or rejection of the Plan shall be deemed to be a vote to accept the Plan

b.    Any Ballot which is returned to the Trustee indicating acceptance or rejection of the Plan but which is unsigned shall not be counted;

c.    Whenever a holder of a Claim casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the last timely Ballot received by the Trustee shall be counted;

d.    If a holder of a Claim casts simultaneous duplicative Ballots voted inconsistently such Ballots shall count as one vote accepting the Plan;

e.    Each holder of a Claim shall be deemed to have voted the full amount of its Claim;

f.    Each holder of any Claim shall be entitled to vote all of the Claims it holds, and shall be entitled to cast several Ballots, to be counted separately, in determining numerical voting count, as to each Claim within a particular class;

g.    Any Ballots that partially reject and partially accept the Plan shall be deemed a vote to accept the Plan; and

h.    Any Ballot received by the Trustee by telecopier, facsimile or other electronic communication shall not be counted.

13.    The hearing to consider confirmation of the Plan is scheduled for Monday, October 28, 2013, at 2:00 p.m., at the United States Bankruptcy Court at 350 South Main Street, Room 341, Salt Lake City, Utah 84101, before the Honorable Joel T. Marker, United States Bankruptcy Court Judge.  This hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date(s) at said hearing and at any adjourned hearing(s).

14.      The Trustee shall cause the Notice of Confirmation Hearing and Solicitation Packages to be mailed no later than <u>Friday, September 20, 2013</u>, *i.e.*, at least twenty-eight days prior to the Voting Deadline.

15.      Any objection to confirmation of the Plan must be filed with the Clerk of the Bankruptcy Court, together with proof of service, no later than 4:00 p.m. Mountain Time on the Voting Deadline, and must be served upon the following so as to be received no later than 4:00 p.m. the same day: (i) counsel to the Trustee, Michael R. Johnson and Douglas M. Monson, Ray Quinney & Nebeker P.C., 36 South State Street, Suite 1400, Salt Lake City, UT 84111; and (ii) the Office of the United States Trustee, Attn. Laurie Cayton, Ken Garff Bldg., 405 South Main Street, Suite 300, Salt Lake City, Utah 84111.

16.      Any objection to confirmation of the Plan must be in writing and (a) must state the name and address of the objecting party and the amount(s) of the objecting party's Claim(s) or the nature of the objecting party's interest, and (b) must state, with particularity, the nature of the objecting party's objection.

------------------------------------ END OF DOCUMENT ------------------------------------

1240543

# Exhibit "B"

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**DEE ALLEN RANDALL, et al.,**<br><br>Debtors. | Bankruptcy Case No. 10-37546<br><br>(Substantively Consolidated with Case Nos. 11-34826, 11-34830, 11-34831, 11-34833 and 11-34834)<br><br>Chapter 11<br><br>Honorable Joel T. Marker |

## CLASS 16 NON-INVESTOR TRADE CREDITOR UNSECURED CLAIM BALLOT FOR ACCEPTING OR REJECTING THE TRUSTEE'S PLAN OF REORGANIZATION

**To:** _____ **(Name of Class 16 Non-Investor Trade Creditor)**
**Voting Amount: $_____ (Trustee's Preliminary Estimate of the Amount of the Class 16 Non-Investor Trade Creditor Unsecured Claim Being Voted on this Ballot)**

The Trustee[1], Gil A. Miller, who is the Chapter 11 Trustee for the consolidated Bankruptcy Estate of Dee Allen Randall, Horizon Auto Funding, LLC, Independent Commercial Lending, LLC, Horizon Financial Center I, LLC, Horizon Mortgage and Investment, Inc., and Horizon Financial & Insurance Group, Inc., the Debtors in this substantively consolidated Bankruptcy Case, has filed his Chapter 11 Trustee's Liquidating Plan of Reorganization Dated April 3, 2013 (as may be amended, the "Plan") for the Debtors in the Bankruptcy Case. The Bankruptcy Court has approved the Trustee's Disclosure Statement (the "Disclosure Statement") with respect to the Plan. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. If you do not have a paper copy of the Plan or the Disclosure Statement, you may obtain one by contacting Sherry Glendening at Ray Quinney & Nebeker P.C., 36 South State Street, Suite 1400, Salt Lake City, UT 84111, Phone: (801) 532-1500; Facsimile (801) 532-7543. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice regarding the Plan and your classification and treatment under**

---

[1] Unless defined herein, capitalized terms used in this Ballot shall have the meaning provided for such terms in the Plan.

1

the Plan.  Your Claim has been placed in Class 16 of the Plan.  If you hold Claims or Equity Interests in more than one Class, you will receive a ballot for each impaired Class in which you are entitled to vote.

THIS BALLOT IS TO BE USED FOR VOTING ONLY BY HOLDERS OF VICTIM CLAIMS IN CLASS 16 OF THE PLAN.  IN ORDER FOR A BALLOT TO BE COUNTED, BY NO LATER THAN AUGUST ___, 2013, AT 4:00 P.M. MOUNTAIN DAYLIGHT TIME, THE ORIGINAL OF THIS BALLOT MUST BE PROPERLY COMPLETED AND EITHER **HAND DELIVERED** TO THE TRUSTEE'S ATTORNEYS (AT THE FOLLOWING ADDRESS) OR **RECEIVED BY MAIL** AT THE FOLLOWING ADDRESS:

> Sherry Glendening
> RAY QUINNEY & NEBEKER P.C.
> 36 South State Street, Suite 1400
> Salt Lake City, Utah 84111

FACSIMILE AND EMAILED BALLOTS WILL NOT BE ACCEPTED.  IF YOUR BALLOT IS NOT RECEIVED BY THE DEADLINE SET FORTH ABOVE, AND SUCH DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN.

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.

ANY RETURNED BALLOTS THAT FAIL TO DESIGNATE AN ACCEPTANCE OR REJECTION WILL BE COUNTED AS A VOTE IN FAVOR OF THE PLAN.

I.  <u>**ACCEPTANCE OR REJECTION OF THE PLAN**</u>

The undersigned, the holder of a Class 16 Non-Investor Trade Creditor Unsecured Claim in the unpaid amount set forth above, hereby votes to:

(Check one box only)

☐   ACCEPT THE PLAN

☐   REJECT THE PLAN

II.  <u>**COMPLETION OF THIS BALLOT**</u>

By signing this Ballot, the undersigned certifies that he or she is a holder of a Class 16 Non-Investor Trade Creditor Unsecured Claim with full power and authority to vote to accept or reject the Plan.  The undersigned also acknowledges that the solicitation of his or her vote on the Plan is subject to all of the terms and conditions set forth in the Plan and the Disclosure Statement.

If the signer is voting a Class 16 Non-Investor Trade Creditor Unsecured Claim as a trustee on behalf of a trust, the signer's signature below will be deemed to be a signature as a trustee acting on behalf of such trust.  If the signer is voting a Class 16 Non-Investor Trade Creditor Unsecured Claim of a corporation, partnership, or limited liability company, please: (a) sign below in the corporate name as an authorized officer (if the holder is a corporation); (b) sign below in the partnership name as an authorized partner (if the holder is a partnership); or (c) sign below in the limited liability company name as an authorized member or manager or other title (if the holder is a limited liability company).

DATED: August __, 2013

_____
Type or Print Name of Signer

_____
Signature

_____
Title (if the holder is a corporation or a partnership or a limited liability company)

_____

_____

_____
Signer's Address

**RETURN COMPLETED ORIGINAL OF THIS BALLOT TO:**

Sherry Glendening
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111

1240302.01/dmm/rqn

3

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**DEE ALLEN RANDALL, et al.,**<br><br>Debtors. | Bankruptcy Case No. 10-37546<br><br>(Substantively Consolidated with Case Nos. 11-34826, 11-34830, 11-34831, 11-34833 and 11-34834)<br><br>Chapter 11<br><br>Honorable Joel T. Marker |

## CLASS 17 VICTIM CLAIMS BALLOT FOR ACCEPTING OR REJECTING THE TRUSTEE'S PLAN OF REORGANIZATION
## (FOR INVESTORS WHO ARE VICTIMS AS DEFINED BY THE PLAN),

## AND

## VICTIM CAUSES OF ACTION ASSIGNMENT FORM

**Ballot For:** _____ **(Name of Class 17 Victim)**
**Voting Amount:  $_____ (Trustee's Preliminary Estimate of the Amount of the Class 17 Victim Claim Being Voted on this Ballot[1])**

The Trustee[2], Gil A. Miller, who is the Chapter 11 Trustee for the consolidated Bankruptcy Estate of Dee Allen Randall, Horizon Auto Funding, LLC, Independent Commercial Lending, LLC, Horizon Financial Center I, LLC, Horizon Mortgage and Investment, Inc., and Horizon Financial & Insurance Group, Inc., the Debtors in this substantively consolidated

---

[1] As stated in Section 3.1 of the Plan, unless otherwise ordered by the Bankruptcy Court, the Allowed Claim amount that a holder of a Class 17 Victim Claim can vote on the Plan is limited to the Victim Net Claim Amount (as defined in the Plan).  It is possible that the Claim amount listed on this Ballot may be higher than the Victim Net Claim Amount if the Claim amount was taken by the Trustee from the Statements and Schedules or from any Victim Proof of Claim filed in the Bankruptcy Case.  However, unless otherwise ordered by the Bankruptcy Court, each Class 17 Victim Claim will be limited to the Victim Net Claim Amount, even if the Claim amount stated above lists a higher Claim amount.

[2] Unless defined herein, capitalized terms used in this Ballot shall have the meaning provided for such terms in the Plan and Disclosure Statement.

Bankruptcy Case, has filed his Chapter 11 Trustee's Liquidating Plan of Reorganization Dated April 3, 2013 (as may be amended, the "Plan") for the Debtors in the Bankruptcy Case. The Bankruptcy Court has approved the Trustee's Disclosure Statement (the "Disclosure Statement") with respect to the Plan. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. If you need a paper copy of the Plan or the Disclosure Statement, you may obtain one by contacting Sherry Glendening at Ray Quinney & Nebeker P.C., 36 South State Street, Suite 1400, Salt Lake City, UT 84111, Phone: (801) 532-1500; Facsimile (801) 532-7543. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice regarding the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 17 of the Plan. If you hold Claims or Equity Interests in more than one Class, you will receive a ballot for each impaired Class in which you are entitled to vote.**

THIS BALLOT IS TO BE USED FOR VOTING ONLY BY HOLDERS OF VICTIM CLAIMS IN CLASS 17 OF THE PLAN. IN ORDER FOR A BALLOT TO BE COUNTED, BY NO LATER THAN AUGUST ___, 2013, AT 4:00 P.M. MOUNTAIN DAYLIGHT TIME, THE ORIGINAL OF THIS BALLOT MUST BE PROPERLY COMPLETED AND EITHER **HAND DELIVERED** TO THE TRUSTEE'S ATTORNEYS (AT THE FOLLOWING ADDRESS) OR **RECEIVED BY MAIL** AT THE FOLLOWING ADDRESS:

> Sherry Glendening
> RAY QUINNEY & NEBEKER P.C.
> 36 South State Street, Suite 1400
> Salt Lake City, Utah 84111

FACSIMILE AND EMAILED BALLOTS WILL NOT BE ACCEPTED. IF YOUR BALLOT IS NOT RECEIVED BY THE DEADLINE SET FORTH ABOVE, AND SUCH DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN.

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.

ANY RETURNED BALLOTS THAT FAIL TO DESIGNATE AN ACCEPTANCE OR REJECTION WILL BE COUNTED AS A VOTE IN FAVOR OF THE PLAN.

## I.     <u>VICTIM CAUSES OF ACTION ASSIGNMENT FORM</u>

Each holder of a Class 17 Victim Claim has the right, pursuant to Section 6.9 of the Plan, to assign all of his or her right, title and interest in all of his or her Victim Causes of Action to the Private Actions Trust that will be created upon Confirmation of the Plan. By agreeing to assign his or her Victim Causes of Action to the Private Actions Trust, such holder of a Class 17

Victim Claim will become a Private Actions Trust Beneficiary and will be subject to the benefits as well as the terms and conditions of the Private Actions Trust Agreement (which is Exhibit A to the Plan) as well as all terms and conditions in the Plan relating to the Private Actions Trust. Any holder of a Class 17 Victim Claim who votes for the Plan in Section II below but fails to select an option under this Victim Causes of Action Assignment Form will be deemed to have assigned all of his or her Victim Causes of Action to the Private Actions Trust.

The undersigned holder of a Class 17 Victim Claim hereby elects to:

(Check one box only)

☐      ASSIGN ALL OF HIS OR HER RIGHT, TITLE AND INTEREST IN ALL OF HIS OR HER VICTIM CAUSES OF ACTION TO THE PRIVATE ACTIONS TRUST.

☐      *NOT* ASSIGN ANY OF HIS OR HER VICTIM CAUSES OF ACTION TO THE PRIVATE ACTIONS TRUST.

## II.    ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 17 Victim Claim against the Debtors in the unpaid amount set forth above, hereby votes to:

(Check one box only)

☐      ACCEPT THE PLAN

☐      REJECT THE PLAN

## III.    COMPLETION OF THIS BALLOT

By signing this Ballot, the undersigned certifies that he or she is a holder of a Class 17 Victim Claim with full power and authority to vote to accept or reject the Plan and to assign or not assign all of his or her Class 17 Victim Causes of Action to the Private Actions Trust. The undersigned also acknowledges that the solicitation of his or her vote on the Plan is subject to all of the terms and conditions set forth in the Plan and the Disclosure Statement.

If the signer is voting a Class 17 Victim Claim as a trustee on behalf of a trust, the signer's signature below will be deemed to be the signature of a trustee acting on behalf of such trust. If the signer is voting a Class 17 Victim Claim of a corporation, partnership, or limited liability company, please: (a) sign below in the corporate name as an authorized officer (if the holder is a corporation); (b) sign below in the partnership name as an authorized partner (if the holder is a partnership); or (c) sign below in the limited liability company name as an authorized member or manager or other title (if the holder is a limited liability company).

DATED: August __, 2013

_____
Type or Print Name of Signer

_____
Signature

_____
Title (if the holder is a corporation or a
partnership or a limited liability company)

_____

_____

_____
Signer's Address

**<u>RETURN COMPLETED ORIGINAL OF THIS BALLOT TO</u>:**

Sherry Glendening
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111

1240160.01/dmm/rqn

# Exhibit "C"

Michael R. Johnson, Esq. (A7070)
Douglas M. Monson, Esq. (A2293)
David H. Leigh, Esq. (A9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  dmonson@rqn.com
Email:  dleigh@rqn.com

*Counsel for Gil A. Miller, Chapter 11 Trustee of the Consolidated Estate*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**DEE ALLEN RANDALL, et al.,**<br><br>Debtors. | Bankruptcy Case No. 10-37546<br><br>(Substantively Consolidated with Case Nos. 11-34826, 11-34830, 11-34831, 11-34833 and 11-34834)<br><br>Chapter 11<br><br>Honorable Joel T. Marker |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF
UNIMPAIRED CLAIMS (CLASSES 1 through 15)
UNDER THE CHAPTER 11 TRUSTEE'S LIQUIDATING PLAN OF
REORGANIZATION DATED APRIL 3, 2013**

PLEASE TAKE NOTICE THAT on August ____, 2013, the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court") approved the Disclosure Statement for the Chapter 11 Trustee's Liquidating Plan of Reorganization Dated April 3, 2013 (as may be amended, the "Plan") filed by Gil A. Miller (the "Trustee"), the Chapter 11 Trustee for the consolidated Bankruptcy Estate of Dee Allen Randall, Horizon Auto Funding, LLC, Independent Commercial Lending, LLC, Horizon Financial Center I, LLC, Horizon Mortgage and Investment, Inc., and Horizon Financial & Insurance Group, Inc. (which are the Debtors in this substantively consolidated Bankruptcy Case), for use by the Trustee in soliciting acceptances or rejections of the Trustee's Plan from holders of impaired Claims under the Plan.

Under the terms of the Plan, your Claim(s) against the Debtors is/are not impaired and, therefore, pursuant to Section 1126(f) of Title 11 of the United States Bankruptcy Code, you are (i) deemed to have accepted the Plan, and (ii) not entitled to vote on the Plan.  If you would like to receive a paper copy of the Plan or Disclosure Statement for informational purposes, you may obtain one by contacting Sherry Glendening at Ray Quinney & Nebeker P.C., 36 South State Street, Suite 1400, Salt Lake City, UT  84111, Phone: (801) 532-1500; Facsimile (801) 532-7543.

DATED this _____ day of August, 2013.

RAY QUINNEY & NEBEKER P.C.

/s/ Douglas M. Monson_____
Michael R. Johnson
Douglas M. Monson
David H. Leigh
*Counsel for the Trustee*

1240305.01/dmm/rqn

# Exhibit "D"

[Letterhead of Gil A. Miller, Trustee]

September __, 2013

Dear Creditor:

This instruction letter is being sent to the creditors of Debtors Dee Allen Randall, Horizon Auto Funding, LLC, Independent Commercial Lending, LLC, Horizon Financial Center I, LLC, Horizon Mortgage and Investment, Inc., and Horizon Financial & Insurance Group, Inc. (the "Debtors") by Gil A. Miller, the Chapter 11 bankruptcy trustee (the "Trustee") for the consolidated Bankruptcy Case of the Debtors.  The Solicitation Package in which this instruction letter has been sent includes the following:

- A paper copy of the Notice of the Confirmation Hearing for the Trustee's Liquidating Plan of Reorganization (the "Plan") and related matters (the "Notice").  The Notice sets forth the time fixed for filing acceptances and rejections to the Plan, the time fixed for filing objections to confirmation of the Plan, and the date and time of the Confirmation Hearing.

- A computer disc that contains an electronic copy of the Trustee's Disclosure Statement and related Exhibits (the "Disclosure Statement) that was approved by the Bankruptcy Court on September ___, 2013, along with a copy of the Trustee's Plan and related Exhibits that is attached to the Disclosure Statement as Exhibit 1 to the Disclosure Statement.  By using the computer disc on your home computer or any other computer to which you have access, you will be able to review online the Disclosure Statement and Plan, and print out any of the pages of the Disclosure Statement and Plan that you wish to review in more detail.  If for any reason you need a paper copy of the Disclosure Statement and Plan, or if you did not receive a Ballot with your Solicitation Package and you believe you are entitled to vote on the Plan, please contact Sherry Glendening at Ray Quinney & Nebeker P.C., 36 South State Street, Suite 1400, Salt Lake City, UT  84111, Phone: (801) 532-1500; Facsimile (801) 532-7543.

- A paper copy of the Bankruptcy Court's Order approving the Disclosure Statement.

- If you are a "Victim" of the "Randall Enterprise Scheme" (as defined in the Plan and Disclosure Statement), your Solicitation Package will contain a "Class 17 Victim Claims Ballot for Accepting or Rejecting the Trustee's Plan of Reorganization (For Investors Who Are Victims as Defined by the Plan), and Victim Causes Of Action Assignment Form" for you to vote on the Plan and to assign your "Victim Causes of Action" to the "Private Actions Trust" (as explained below).

- If you hold a "Non-Investor Trade Creditor Unsecured Claim" (as defined in the Plan and Disclosure Statement), your Solicitation Package will contain a Class 16 Ballot for you to vote on the Plan.

- If you are a Secured Creditor or hold any other Unimpaired Claim (as defined in the Plan and Disclosure Statement), you will be receiving a "Notice of Non-Voting Status to Holders of

Unimpaired Claims (Classes 1 through 15) Under Chapter 11 Trustee's Liquidating Plan of Reorganization dated April 3, 2013."

The Disclosure Statement has been approved by the Bankruptcy Court for purposes of soliciting votes in favor of the Trustee's Plan.  The Executive Summary of the Disclosure Statement is on Pages 4-10 of the Disclosure Statement.  However, the Executive Summary, along with the rest of the Disclosure Statement, are not intended to replace a careful review and analysis of the Plan, including the specific treatment of Claims under the Plan.  The Disclosure Statement is submitted as an aid and supplement to your review of the Plan to explain the terms of the Plan.

If any questions arise in connection with your review of the Disclosure Statement and the Plan, the Trustee urges you to contact his counsel.  Here is the contact information for the Trustee's counsel:

> Michael R. Johnson
> Douglas M. Monson
> David H. Leigh
> RAY QUINNEY & NEBEKER P.C.
> 36 South State Street, 14th Floor
> Salt Lake City, Utah  84111
> Telephone:  (801) 532-1500
> Facsimile:  (801) 532-7543
> Email:  mjohnson@rqn.com
> Email:  dmonson@rqn.com
> Email:  dleigh@rqn.com

As explained in the Executive Summary of the Disclosure Statement (Pages 4-10 of the Disclosure Statement) as well as in the rest of Disclosure Statement, the Class 17 "Victims" of the Randall Enterprise Scheme may have litigation claims (the "Victim Causes of Action") against Union Central and other facilitators (the "Facilitators") of the Randall Enterprise Scheme for losses they incurred as a result of the Scheme.  The Trustee has retained the Reid Collins Law Firm (and the Ray Quinney Law Firm as local counsel) on a contingency fee basis to investigate and, if deemed appropriate, pursue the Victim Causes of Action against Facilitators of the Scheme.  The Victim Causes of Action will be pursued on a collective basis on behalf of the Class 17 Victims through the "Private Actions Trust" that will be established upon confirmation of the Plan.  If you are a Class 17 Victim, you will be able to participate in the "Private Actions Trust" by voting for the Plan on your Class 17 Ballot.  Your Class 17 Ballot also has a box for you to check to assign your Victim Causes of Action to the Private Actions Trust.

**If you are a Class 17 Victim, you are invited to a meeting to be held on Saturday, October 19, 2013, at 10:30 a.m., at the Main Salt Lake City Library, ___ Floor Conference Room, 210 East 400 South, Salt Lake City, Utah, 84111, where a representative of the Reid Collins Law Firm will be present to explain the Private Actions Trust and answer your questions about the investigation and pursuit of the Victim Causes of Action against the Facilitators of the Scheme.**

**THE TRUSTEE STRONGLY URGES ALL CREDITORS IN CLASSES 16 AND 17 TO VOTE TO ACCEPT THE PLAN.**  If you are hold a Claim in Class 16 or Class 17, please follow the instructions on your Ballot and forward your completed Ballot to the address shown on your Ballot before the deadline stated in your Ballot.  The Trustee also urges all Class 17 Victims to not only vote for the Plan on their Ballots, but also to check the box on your Ballot to assign your Victim Causes of Action to the Private Actions Trust.

Sincerely,

/s/ Gil A. Miller
Gil A. Miller
Chapter 11 Trustee

1240560.01/dmm/rqn