**The below described is SIGNED.**



**Dated: October 28, 2013**

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

Michael R. Johnson, Esq. (A7070)
Douglas M. Monson, Esq. (A2293)
David H. Leigh, Esq. (A9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  dmonson@rqn.com
Email:  dleigh@rqn.com

*Counsel for Gil A. Miller, Chapter 11 Trustee of the Consolidated Estate*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>DEE ALLEN RANDALL, et al.,<br><br>Debtors. | **Bankruptcy Case No. 10-37546**<br><br>(Substantively Consolidated with Case Nos. 11-34826, 11-34830, 11-34831, 11-34833 and 11-34834)<br><br>Chapter 11<br><br>Honorable Joel T. Marker<br><br>(Filed via ECF) |

**ORDER CONFIRMING THE CHAPTER 11 TRUSTEE'S LIQUIDATING PLAN OF REORGANIZATION DATED SEPTEMBER 9, 2013**

This matter came before the Court on Monday, October 28, 2013, at a hearing (the "**Confirmation Hearing**") to consider the request for confirmation of the *Chapter 11 Trustee's Liquidating Plan of Reorganization dated September 9, 2013* (the "**Plan**") [Docket Entry 1268] filed on September 11, 2013, by Gil A. Miller (the "**Trustee**"), Chapter 11 trustee of the substantively consolidated Chapter 11 estates (the "**Consolidated Estate**") of Dee Allen Randall, Horizon Auto Funding, LLC, Independent Commercial Lending, LLC, Horizon Financial Center I, LLC, Horizon Mortgage and Investment Inc., and Horizon Financial & Insurance Group Inc. (collectively, the "**Debtors**").  At the Confirmation Hearing, Michael R. Johnson and Douglas M. Monson represented the Trustee, J. Thomas Beckett represented The Union Central Life Insurance Company ("**Union Central**"), the sole party to object to confirmation, and other appearances were noted on the record.

WHEREAS, the Plan and all other relevant documents constituting the Solicitation Package having been transmitted to creditors and parties in interest in substantial compliance with the Court's *Order (I) Approving Disclosure Statement with Respect to the Chapter 11 Trustee's Liquidating Plan of Reorganization Dated September 9, 2013, (II) Establishing Voting Record Holder Date, (III) Approving Solicitation Procedures, Form of Ballots, and Manner of Notice, and (IV) Fixing the Deadline for Filing Objections to the Confirmation of the Plan* [Docket Entry 1271] (the "**Disclosure Statement Order**"); and

WHEREAS, after reviewing and considering the Plan, the *Declaration of Gil A. Miller in Support of Confirmation of the Trustee's Proposed Chapter 11 Liquidating Plan of Reorganization, dated September 9, 2013* filed in support of the Plan [Docket Entry 1360], the *Ballot Tabulation Register* (the "**Ballot Register**") concerning the Plan [Docket Entry 1361], the *Declarations of Service* concerning the Plan [Docket Entries 1357 and 1359], all other papers and pleadings filed in support of and in opposition to the Plan, the representations of counsel and evidence proffered and received at the Confirmation Hearing, and all other relevant matters of record in this case; and

2

WHEREAS, it having been determined by the Court on the record of the Confirmation

Hearing that all of the applicable requirements for confirmation set forth in 11 U.S.C. § 1129 and

all other legal requirements have been satisfied concerning the Plan and the Court having made its

findings of fact and conclusions of law on the record; and for good cause appearing, **THE**

**COURT HEREBY ORDERS AND DECREES** as follows:[1]

1.      Plan Confirmed.  The Plan shall be, and hereby is, CONFIRMED as expressly

supplemented and modified by this Confirmation Order (as supplemented and modified, the

"**Confirmed Plan**").  A copy of the Plan is attached hereto as **Exhibit "A**."

2.      Resolving Inconsistency.  In the event of any conflict or inconsistency between the

terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order

shall control.  Except as otherwise provided herein, the terms of the Plan are incorporated by

reference into and are an integral part of this Confirmation Order.

3.      Objections.  Any and all objections to confirmation of the Plan that were not

withdrawn, waived or settled prior to the Confirmation Hearing, and all reservations of rights

included in any such objections, are overruled in their entirety on the merits (except as otherwise

provided in this Confirmation Order), and all withdrawn objections are deemed withdrawn with

prejudice.

4.      Effect of Confirmation.  As of the Effective Date of the Plan, all persons are and

shall be precluded from asserting against any property of the Consolidated Estate and assets that

are distributed or to be distributed under the Plan any Claims, rights, causes of action, liabilities or

interests based upon any act or omission, transaction or other activity of any kind or nature that

occurred prior to the Effective Date, other than as expressly provided in the Plan or this

Confirmation Order, regardless of the filing, lack of filing, allowance or disallowance of such

Claim, and regardless of whether such person has voted to accept the Plan.  Furthermore, and

except as otherwise provided in the Plan or this Confirmation Order, on and after the Effective

---

[1]      Capitalized terms used but not otherwise defined herein are defined in the Plan.  Unless
otherwise provided herein, all references to statutory sections in this Confirmation Order using
the section symbol "§"are to the relevant sections of the Bankruptcy Code.

Date, all persons that have held, currently hold or may hold a debt, right, claim, cause of action, or other liability or interest against or in the Corporate Debtors that would be discharged upon confirmation of the Plan on the Effective Date but for the provisions of Section 1141(d)(3) of the Bankruptcy Code shall be, and they hereby are, permanently enjoined from taking any of the following actions on account of such debt, right, claim, cause of action, or other liability or interest: (i) commencing or continuing in any manner any action or other proceeding on account of such debt, right, claim, cause of action, or other liability or interest against assets or proceeds thereof that are property of the Consolidated Estate and which are to be distributed under the Plan, other than to enforce any right to a distribution with respect to such assets or the proceeds thereof as provided under the Plan; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against any assets to be distributed under the Plan, other than as permitted by the Plan; and (iii) creating, perfecting or enforcing any lien or encumbrance against any assets to be distributed under the Plan, other than as permitted by the Plan, provided that nothing contained herein shall limit the rights of any distributee under the Plan from taking any actions in respect of property distributed or to be distributed to it under the Plan.

5.      Executory Contracts and Unexpired Leases.  On the Effective Date, all executory contracts and unexpired leases to which the Debtors, or any of them, is a party shall be, and they hereby are, deemed rejected, excepting only any executory contract or unexpired lease that (i) has been assumed pursuant to a Final Order of this Court entered before the Effective Date or (ii) is the subject of a separate motion to assume or assign or reject filed under Section 365 of the Bankruptcy Code before the Effective Date.

6.      Implementation and Consummation of Plan.  In accordance with section 1142 of the Bankruptcy Code, the implementation and consummation of the Confirmed Plan in accordance with its terms shall be, and hereby is, authorized and approved, and the Trustee and any other Person referenced in the Confirmed Plan shall be, and they hereby are, authorized, empowered and directed to issue, execute, deliver, file and record any documents, and to take any other action necessary or appropriate to implement and consummate the Confirmed Plan in

4

accordance with its terms, including but not limited to establishing and implementing the terms and provisions of the Confirmed Plan relating to the Private Actions Trust.

7.      Payment of Statutory Fees; Final Decree.  The Trustee shall be responsible for the payment from funds of the Consolidated Estate any post-confirmation fees due pursuant to 28 U.S.C. §1930(a)(6) and the filing of status reports pursuant to Article 11.14 of the Confirmed Plan, until the case is closed.  A final report shall be filed and a final decree shall be entered once the Consolidated Estate has been fully administered, pursuant to Local Rule 3022-1 and Article 11.14(c) of the Confirmed Plan.

8.      Retention of Jurisdiction.  This Court shall retain exclusive jurisdiction, in accordance with the Confirmed Plan and sections 105(a) and 1142 of the Bankruptcy Code, with respect to all matters arising in Article X of the Confirmed Plan.

9.      Notice of Entry of Confirmation Order.  On or before the tenth business day following the date of entry of this Confirmation Order, the Trustee shall serve notice of entry of this Confirmation Order on all creditors and interest holders, the United States Trustee, and other parties-in-interest, by causing such notice of entry to be delivered to such parties by first-class mail, postage prepaid.  No other or further notice shall be necessary.

10.      Notice of Effective Date.  On or before the tenth business days following the occurrence of the Effective Date, the Trustee shall file notice of the occurrence of the Effective Date and shall serve a copy of the notice on all creditors and interest holders, the United States Trustee, and other parties-in-interest, by causing such notice to be delivered to such parties by first-class mail, postage prepaid.  No other or further notice of the Effective Date shall be necessary.

11.      Trustee to Administer Property and Remain as Estate Representative.  As set forth in Article 6.2 of the Plan,at all relevant times, including after the entry of this Confirmation Order, the Trustee shall remain the representative of the Consolidated Estate and shall administer the Consolidated Estate after confirmation, including but not limited to by holding all rights, powers, and duties of a trustee under Chapter 11 of the Bankruptcy Code, as well as those rights,

5

powers and duties afforded by the Plan and this Confirmation Order.  Unless expressly stated

otherwise in the Plan, the Trustee is and shall remain the representative of the Consolidated Estate

for all purposes after the entry of this Confirmation Order.

12.     No Revesting of Property in the Debtors.  At all relevant times, including after

entry of this Confirmation Order and the occurrence of the Effective Date, the Trustee shall retain

all property of the Consolidated Estate including the retention of all Claims and Causes of Action,

including as set forth in Section 6.6 of the Plan.  Notwithstanding Section 1141(b) of the

Bankruptcy Code, and except as otherwise provided for in the Plan, property of the Consolidated

Estate, including Estate Litigation Claims, shall not revest in the Debtors but shall remain

property of the Consolidated Estate subject to the jurisdiction of the Bankruptcy Court, and under

the exclusive control of the Trustee, until distributed to holders of Allowed Claims in accordance

with the provisions of the Plan and this Confirmation Order.

13.     No Discharge of Dee Allen Randall.  As set forth in Article 6.11 of the Plan, and

pursuant to Section 1141(d)(3) of the Bankruptcy Code, the entry of this Confirmation Order shall

not discharge Claims against Debtor Dee Allen Randall because (a) the Plan is a liquidating plan,

(b) the Debtors will not be engaged in business after consummation of the Plan, and (c) Dee Allen

Randall likely would be denied a discharge under section 727(a) of the Bankruptcy Code if his

bankruptcy case was a Chapter 7 case.  Notwithstanding the foregoing,  however, no holder of a

Claim may receive any payment from or seek recourse against any assets that are property of the

Consolidated Estate, except for those assets required to be distributed to such holder as expressly

provided for in the Plan.

14.     Exculpation Provision Approved.  The exculpation and limitation of liability

provisions set forth in Article 11.3 of the Confirmed Plan are fair and reasonable and in

compliance with applicable law, and they are hereby approved.

-------------------------------------------------END OF ORDER-------------------------------------------------

1255783