**The below described is SIGNED.**



**Dated: July 22, 2014**  /s/ J T Marker

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

*Proposed Order prepared by:*

Michael R. Johnson, Esq. (A7070)
Douglas M. Monson, Esq. (A2293)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  dmonson@rqn.com

*Counsel for Gil A. Miller, Chapter 11 Trustee of the Reorganized Consolidated Debtors*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| In re: | **Bankruptcy Case No. 10-37546** |
|---|---|
| DEE ALLEN RANDALL, et al., | (Substantively Consolidated with Case Nos. 11-34826, 11-34830, 11-34831, 11-34833 and 11-34834) |
| Debtors. | Chapter 11 |
| | Honorable Joel T. Marker |
| | (Filed via ECF) |

**ORDER GRANTING THE TRUSTEE'S MOTION, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019, FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS WITH F. R. SATTERFIELD AND D. CAROL SATTERFIELD A/K/A CAROL D. SATTERFIELD, INDIVIDUALLY AND AS TRUSTEES UNDER THE F.R. SATTERFIELD FAMILY TRUST DATED JANUARY 29, 1997, AND AUTHORIZING THE TRUSTEE TO CONSUMMATE THE SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS**
**(Also relates to Adversary No. 12-02463)**

_____

This matter is before the Court on *The Trustee's Motion, Pursuant to Federal Rule of Bankruptcy Procedure 9019, for Entry of an Order Approving a Settlement Agreement and Mutual Release of Claims with F. R. Satterfield and D. Carol Satterfield a/k/a Carol D. Satterfield, Individually and as Trustees Under the F.R. Satterfield Family Trust Dated January 29, 1997* [Docket 1507] (the "**Rule 9019 Motion**") filed by Gil A. Miller (the "**Trustee**"), who is the Chapter 11 trustee of the substantively consolidated bankruptcy estate (the "**Consolidated Estate**") in the above-entitled substantively consolidated cases (the "**Consolidated Case**").

1.      In the Rule 9019 Motion, the Trustee has asked the Court to approve the form and content of a Settlement Agreement and Mutual Release of Claims (the "**Agreement**") he has entered into with creditors F. R. Satterfield and D. Carol Satterfield a/k/a Carol D. Satterfield, as trustees under the F.R. Satterfield Family Trust Dated January 29, 1997, and F.R. Satterfield and D. Carol Satterfield a/k/a Carol D. Satterfield in their individual capacities (collectively the "**Satterfields**" or "**Investors**").  The Agreement settles and resolves the following:  (a) the secured claims asserted against the Consolidated Estate and its assets by the Satterfields in connection with a Second Trust Deed (the **"Satterfield Trust Deed"**) dated August 14, 2008, listing Debtor Dee Allen Randall ("**Randall**") as trustor, Bonneville Superior Title Company, Inc., as trustee, and the Satterfields as beneficiaries, which was recorded with the Davis County, Utah Recorder on August 18, 2008 as Entry No. 2386868 in Book 4596 at Page 592, and which describes certain real property in  Davis County, Utah, under Tax Parcel No. 07-082-0016 and located at approximately 1072 S. Lloyd in Fruit Heights, Utah ("**Parcel 1**"); (b) the Trustee's fraudulent transfer and other lien avoidance claims asserted on behalf of the Consolidated Estate against the Satterfields in connection with the recording of the Satterfield Trust Deed against

3

Parcel 1; and (c) the amounts and allowance of the Investors' Allowed Class 17 Victim Unsecured Claims against the Consolidated Estate.   The legal description of Parcel 1 is attached as Exhibit A to the Agreement.  The Agreement requests that the Court ratify and approve the Trustee's execution of the Agreement on behalf of the Consolidated Estate, and authorize the Trustee to consummate the Agreement in accordance with its terms.

The Court, after reviewing the Rule 9019 Motion and the Agreement and such other and further matters in the file as the Court deemed appropriate, after noting the absence of any responses or objections to the Rule 9019 Motion in the Court's file, after further noting that the deadline for responding or objecting to the Rule 9019 Motion has now expired, and after independently determining that the Rule 9019 Motion and the Agreement attached thereto appear to be in the best interests of the Consolidated Estate and its creditors, has determined that the Rule 9019 Motion is well-taken, and that the relief requested therein should be granted.

Accordingly, pursuant to Federal Rule of Bankruptcy Procedure 9019, based upon the foregoing, and good cause appearing therefor, **IT IS HEREBY ORDERED** as follows:

1. The Rule 9019 Motion shall be, and it hereby is, approved.

2. The Agreement attached to the Rule 9019 Motion shall be, and it hereby is, approved as to form and content in its entirety, and the Agreement shall be binding upon the Consolidated Estate.

3. The Trustee's execution of the Agreement for and on behalf of the Consolidated Estate is hereby approved and ratified, and the Trustee is authorized to consummate the Agreement in accordance with its terms.

4. Pursuant to the Agreement, the Court hereby finds, orders and decrees that the recording of the Satterfield Trust Deed against Parcel 1 is avoided pursuant to the Trustee's avoidance powers under the Bankruptcy Code, and the Satterfield Trust Deed against Parcel 1 is automatically preserved for the benefit of the Consolidated Estate pursuant to 11 U.S.C. § 551.

5. Pursuant to the Agreement, the Court also hereby finds, orders and decrees that the interests of the Satterfields in the Satterfield Trust Deed are deemed by this Order and as a matter of law to be transferred and assigned by the Satterfields to the Consolidated Estate.

6. Pursuant to the Agreement, the Court also hereby finds, orders and decrees that the Satterfields shall be, and hereby are, granted two Allowed Class 17 Victim Unsecured Claims (collectively the "**Allowed Class 17 Victim Unsecured Claims**") against the Consolidated Estate as follows: (a) in the amount of $198,816.77 in connection with their Proof of Claim No. 623 (the "**Claim No. 623 Allowed Unsecured Claim**"), and (b) in the amount of $47,800.21 in connection with their Proof of Claim No. 614 (the "**Claim No. 614 Allowed Unsecured Claim**"), which Allowed Class 17 Victim Unsecured Claims shall be treated and paid in conformance with the *Chapter 11 Trustee's Liquidating Plan of Reorganization Dated September 9, 2013* [Docket No. 1268] (the "**Plan**"), which Plan was confirmed by this Court on October 28, 2013, pursuant to the *Order Confirming the Chapter 11 Trustee's Liquidating Plan of Reorganization Dated September 9, 2013* [Docket No. 1367] (the "**Confirmation Order**"), and which Plan became Effective in this Consolidated Case on November 27, 2013 (the "**Effective Date**").

7. Pursuant to the Agreement, the Court also hereby finds, orders and decrees that all of the rights and claims of the Trustee and the Investors against all other parties, including all of

5

the rights and claims of the Investors against Union Central (as defined in the Agreement), are hereby expressly reserved by the Trustee and the Investors.

8. The Court shall note the dismissal with prejudice of the Trustee's Complaint against the Satterfields, styled as *Miller v. Satterfield*, Adversary No. 12-02463, on the official docket in that adversary proceeding.

------------------------------------------------END OF ORDER---------------------------------------------